UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VICTOR WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CV-252 |
| | ) | (VARLAN/GUYTON) |
| GENUINE PARTS COMPANY, | ) | |
| d/b/a NAPA-Knoxville, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on the Motion to Dismiss [Doc. 5] of defendant Genuine Parts Company, d/b/a NAPA Auto Parts ("GPC"), in which GPC moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss claims brought by plaintiff, Victor West. Plaintiff has not responded and the time for doing so has passed. *See* E.D. LR. TN 7.1(a), 7.2.

For the reasons set forth herein, the motion to dismiss will be granted.

**I.     Relevant Facts**

According to the complaint, in March 2010 plaintiff began work for GPC as a delivery driver, a position for which he was qualified [Doc. 1-1, ¶¶ 4, 5]. In October 2010, when plaintiff was around 54 years old, he alleges that he injured his left knee at work while carrying automobile parts down some stairs [Doc. 1-1, ¶ 7]. Plaintiff alleges that GPC refused to accommodate his injury and refused to allow him to do "light duty jobs" [*Id.*, ¶ 9]. He alleges that although he notified GPC of his injury, he learned on October 28, 2010 that

his insurance claim would be refused and he would be denied treatment because GPC and its insurance carrier claimed that his injury did not occur at work [*Id.*, ¶ 11]. On December 6, 2010, GPC terminated plaintiff's employment [*Id.*, ¶ 14]. In December 2010, plaintiff alleges that the attorney for GPC's workers' compensation insurance carrier sent a letter to the Tennessee Department of Labor's Administrative Review Specialist (the "DOL review specialist"), requesting an administrative review of an order that awarded plaintiff ongoing temporary benefits [*Id.*, ¶ 16].

In his complaint, plaintiff alleges that he was retaliated against by GPC for filing a claim under Tennessee workers' compensation laws and that GPC discriminated against him based on a disability in violation of the Tennessee Disability Act, T.C.A. § 8-50-103. [*Id.*, ¶¶ 3, 23]. Plaintiff also alleges intentional and negligent infliction of emotional distress, violations of the Privacy Act of 1974, 5 U.S.C. § 552a, and false light invasion of privacy [*Id.*, ¶¶ 20, 25]. Last, plaintiff alleges that he was discriminated against based on his age in violation of the Tennessee Human Rights Act (the "THRA"), T.C.A. § 4-21-101 [*Id.*, ¶¶ 3, 18].

In the motion to dismiss, GPC moves the Court for dismissal of plaintiff's claims for intentional and negligent infliction of emotional distress, plaintiff's claim under the Privacy Act of 1974, plaintiff's claim for false light invasion of privacy, and plaintiff's claim for age discrimination.[1]

---

[1]GPC has not moved for dismissal of plaintiff's claim for retaliation under Tennessee's workers' compensation laws and plaintiff's claim for violations of the Tennessee Disability Act.

## II. Analysis

### A. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is to "give the [opposing party] fair notice and what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to survive a Rule 12(b)(6) motion, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do, neither will "'naked assertion[s]' devoid of 'further factual enhancement[,]'" nor an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

### B. Intentional Infliction of Emotional Distress

In Tennessee, the tort of intentional infliction of emotional distress is also known as the tort of outrageous conduct. *Doe 1 ex rel. Doe v. Roman Catholic Diocese*, 154 S.W.3d

3

22, 31 (Tenn. 2005). To succeed on a claim for intentional infliction of emotional distress, a plaintiff must prove that the complained-of conduct (1) is "intentional or reckless"; is (2) "so outrageous that it is not tolerated by civilized society"; and (3) results in "serious mental injury." *Doe 1*, 154 S.W.3d at 31 (quoting *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Liability exists "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Bain*, 936 S.W.2d at 623. A successful case will be "one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous'." *Id.* (quoting *Medlin v. Allied Inv. Co.*, 398 S.W.2d 270, 274 (Tenn. 1966)).

In support of his claim for intentional infliction of emotional distress, plaintiff alleges that he was mistreated by GPC and that GPC's actions were reasonably calculated or could be reasonably calculated to produce intense emotional distress to plaintiff, as well as physical pain and an extreme hindrance to healing [Doc. 1-1, ¶ 24].

Taking these allegations as true, the Court finds that plaintiff has failed to state a claim for intentional infliction of emotional distress. Plaintiff has not identified any conduct by GPC that could be considered outrageous conduct under *Bain* or other cases under Tennessee law considering claims for intentional infliction of emotional distress. While plaintiff has alleged that GPC's actions were reasonably calculated to produce intense emotional distress, he has failed to identify any specific "serious or severe" emotional distress he has suffered from the alleged conduct. *See Saint Rogers v. Louisville Land Co., et al.*, No. E2010-00991-

4

COA-R3-CV, 2011 WL 2112766, at *4 (Tenn. Ct. App. May 25, 2011) ("The law intervenes only where the distress is so severe that no reasonable [person] could be expected to endure it.") (quoting *Miller v. Willbanks*, 8 S.W.3d. 607, 615 (Tenn. 1999)). In addition, to the extent plaintiff has alleged intentional infliction of emotional distress due to his termination, the Court notes that Tennessee courts have found claims for intentional infliction of emotional distress only in circumstances that are in the extreme. *See e.g., Dunn v. Motor Photo, Inc.*, 828 S.W.2d 747, 751 (Tenn. Ct. App. 1991) (holding that the defendants committed a "gross, inexcusable and outrageous breach of a contract" when they accepted the plaintiff's film for developing and printing and told the plaintiff that her film, which included images of the plaintiff in intimate poses and in a state of partial undress, could not be developed when in fact the defendants had developed the film and retained one of the prints for display "to friends who desired to see a 'wild picture'"); *Johnson v. Woman's Hosp.*, 527 S.W.2d 133, 140 (Tenn. Ct. App. 1975) (affirming the jury's finding that the defendant engaged in outrageous conduct when he preserved the body of a premature stillborn infant in a jar of formaldehyde and displayed the jar to the mother). Being terminated from his job, even if such termination is found to be wrongful or discriminatory, does not constitute outrageous conduct for the purposes of the tort of intentional infliction of emotional distress. *See, e.g., Mays v. Int'l Mill Servs., Inc.*, No. 05-1367-T/AN, 2006 WL 208874, at *3-*5 (W.D. Tenn. Jan. 26, 2006) (dismissing a claim for intentional infliction of emotional distress arising out of the defendant's termination of the plaintiff's

5

employment). Accordingly, plaintiff's claim for intentional infliction of emotional distress will be dismissed.

### C. Negligent Infliction of Emotional Distress

Under Tennessee law, a claim for negligent infliction of emotional distress requires that the plaintiff establish the elements of a general negligence claim: (1) duty; (2) breach of duty; (3) injury or loss; (4) causation in fact; and (5) proximate causation. *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 52 (Tenn. 2004). The plaintiff must also establish the existence of a serious or severe emotional injury that is supported by expert medical or scientific evidence. *Id.* (citing *Camper v. Minor*, 915 S.W.2d 437, 446 (Tenn. 1996)). The Tennessee Supreme Court has described "[a] serious or severe emotional injury . . . [as occurring] where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Camper*, 915 S.W.2d at 446 (internal quotation and citation omitted).

Here, plaintiff alleges that the negligent "actions and inactions" of GPC caused him to suffer emotional distress [Doc. 1-1, ¶ 25]. However, plaintiff has not alleged that his "emotional distress," whether arising from his termination from GPC or some other conduct, caused an emotional injury which would disable a reasonable, normally constituted person from adequately coping with the alleged mental stress. As noted above, while detailed factual allegations are not required to survive a motion to dismiss for failure to state a claim, entitlement to relief requires more than mere labels and conclusions and a simple recitation of the elements of a claim. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555,

557).  The allegations in plaintiff's complaint in regard to his claim for negligent infliction of emotional distress do not reach past the level of mere labels and conclusions and this claim will also be dismissed.

### D. The Privacy Act of 1974

The Privacy Act of 1974 protects individuals from the dissemination and disclosure of information regarding an individual's education, financial transactions, medical history, and criminal or employment history.  *See* 5 U.S.C. § 552a.  Although plaintiff's complaint contains some allegations relating to the disclosure of plaintiff's medical and employment history, § 552a(g)(1) of the Privacy Act of 1974 indicates that it does not provide a cause of action against a private employer.  One district court has noted that:

> The private right of civil action created by the Privacy Act of 1974 is specifically limited to actions against agencies of the United States; therefore, the civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials.

*Bowman v. Skyview Apartments*, No. 3:07-0417, 2007 WL 2692137 (M.D. Tenn. Sept. 12, 2007) (quoting *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985)).  Because GPC is not a United States agency, entity, or representative, and because the Court can discern no other indication from plaintiff's complaint regarding what grounds plaintiff has asserted his claim for a violation of the Privacy Act of 1974, the Court finds that plaintiff has also failed to state a claim for a violation of this statute.

### E. False Light Invasion of Privacy

The Tennessee Supreme Court has recognized the tort of false light invasion of privacy, as set forth in § 652E of the Restatement (Second) of Torts, as follows:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 643-44 (Tenn. 2001). The term "publicized" in this sense "'means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.'" *Thornburgh v. Christy*, No. 2:09-CV-141, 2010 WL 1257984, at *14 (E.D. Tenn. Mar. 26, 2010) (quoting *Secured Fin. Solutions, LLC v. Winer*, No. M2009-00885-COA-R3-CV, 2010 WL 334644, at *4 (Tenn. Ct. App. Jan 28, 2010)). "The element of publicity is not met if the communication is to a single person or even to a small group of persons." *Id.* Furthermore, a plaintiff must also plead proof of actual damages. *West*, 53 S.W.3d at 648. *See, e.g.*, *Gard v. Harris*, No. 2008-01939-COA-R3-CV, 2010 WL 844810, at *3 (Tenn. Ct. App. Mar. 11, 2010).

In support of his claim for false light invasion of privacy, plaintiff alleges that GPC cast him in a false light when it "accused [plaintiff] of dishonesty by alleging making a false claim for workers' compensation benefits." [Doc. 1-1, ¶ 17]. Plaintiff also references the letter to the DOL review specialist requesting the administrative review [*Id.*, ¶ 16].

8

Plaintiff, however, has not alleged any facts regarding whether GPC acted with knowledge or reckless disregard of the letter's falsity. While plaintiff alleges that the letter was sent to the DOL review specialist, plaintiff has not alleged that the letter was "publicized" within the meaning of this tort. In other words, plaintiff has not alleged that the letter was sent to anyone other than one person—the DOL review specialist. Publication within the meaning of the tort of false light invasion of privacy requires communication to more than "a single person or even a small group of persons." *Thornburgh*, 2010 WL 1257984, at *14. In light of the foregoing, the Court will also dismiss plaintiff's claim for false light invasion of privacy.

### F.  Retaliation and Age Discrimination Under the THRA

The THRA provides that it is a discriminatory practice to "[r]etaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter." T.C.A. § 4-21-301. The Tennessee Supreme Court requires a plaintiff to prove four elements to prevail on a retaliation claim under the THRA: (1) the plaintiff was engaged in an activity protected by the THRA; (2) this exercise of protected rights was known to the defendant; (3) the defendant thereafter took a materially adverse employment

9

action against the plaintiff; and (4) there was a casual connection between the protected activity and the materially adverse employment action. *Allen v. McPhee*, 240 S.W.3d 803, 820 (Tenn. 2007), *abrogated on other grounds by Gossell v. Tractor Supply Co.*, 320 S.W.3d 777, 783-84 (Tenn. 2010).

In his complaint, plaintiff has not alleged what activity he was engaged in that is protected by the THRA, or whether there was a causal connection between the alleged protected activity and the materially adverse employment action. Furthermore, to the extent plaintiff is alleging a claim of retaliation for filing a workers' compensation claim, this claim will be dismissed because it does not "oppos[e] a practice declared discriminatory" under the THRA. *See* T.C.A. § 4-21-301.[2]

Finally, to the extent plaintiff is alleging an age discrimination claim under the THRA, plaintiff is require to show that (1) he was a member of a protected class; (2) he was discharged; (3) he was qualified for his position; (4) and he was replaced by a younger person or treated differently from similarly situated employees outside of the protected class. *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1023 (6th Cir. 1993); *Mitchell v. Vanderbilt Univ.*,

---

[2]GPC has not moved for dismissal of plaintiff's claim for retaliation under Tennessee's workers' compensation laws. Accordingly, the Court has not addressed that claim.

10

389 F.3d 177, 181 (6th Cir. 2004); *Johnson v. Collins & Aikman Auto. Interiors, Inc.*, No. 1:02-CV-365, 2004 WL 1854171, at *3-*4 (E.D. Tenn. Feb. 26, 2004).[3]

In his complaint, plaintiff alleges that he was a member of a protected class due to his age at the time of his termination, that he was qualified for his position, and that he was discharged [Doc. 1-1, ¶¶ 6, 14, 18]. He has not, however, alleged that he was replaced or treated differently from similarly situated employees outside of the protected class. Accordingly, given plaintiff's failure to allege all of the elements required to state a prima facie case for age discrimination, the Court concludes that plaintiff has failed to satisfy his burden of stating a claim of age discrimination under the THRA. Thus, plaintiff's claim for age discrimination under the THRA will also be dismissed for failure to state a claim.

## III. Conclusion

For the reasons set forth above, GPC's motion to dismiss [Doc. 5] is **GRANTED** and plaintiff's claims for intentional and negligent infliction of emotional distress, for a violation

---

[3] The Tennessee legislature has made clear that the purpose of the THRA is to "[p]rovide for execution within Tennessee of the policies embodied in the federal Civil Rights Acts of 1964 . . . and [the ADEA] of 1967, as amended . . . ." T.C.A. § 4-21-101(a). Thus, courts apply the same analysis to an age-based discrimination claim brought under the THRA as an age-based discrimination claim brought under the ADEA. *Bender v. Hecht's Dep't Stores,* 455 F.3d 612, 620 (6th Cir. 2006) (applying the same analysis to an age-based discrimination claim brought under the THRA as an age-based discrimination claim brought under the ADEA); *Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001) ("Tennessee courts have 'looked to federal case law applying the provisions of the federal anti-discrimination statues as the baseline for interpreting and applying' [the THRA]") (citation omitted).

of the Privacy Act of 1974, for false light invasion of privacy, and for age discrimination and/or retaliation under the THRA are hereby **DISMISSED** for failure to state a claim.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
